UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CALVIN L. REDD                                 CIVIL ACTION NO. 20-1617

                                               SECTION P

VS.

                                               JUDGE TERRY A. DOUGHTY

WARDEN                                         MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Petitioner Calvin L. Redd, a prisoner in the custody of Louisiana's Department of

Corrections proceeding pro se and in forma pauperis, petitions the Court for a writ of habeas

corpus under 28 U.S.C. § 2254.  He attacks his aggravated battery conviction and the five-year

sentence imposed by the Third Judicial District Court, Lincoln Parish, Louisiana.  For reasons

below, the Court should dismiss this petition.

## Background

On March 26, 2019, Petitioner pled guilty to aggravated battery, and the trial court

sentenced him to five years of imprisonment.  [doc. # 1-1, pp. 32, 35].

On an unknown date, Petitioner filed a motion to alter sentence before the trial court,

claiming that his 5th, 6th, 8th, and 14th Amendment rights were violated.  [doc. # 1, p. 3].  The

trial court denied his motion.  *Id.*  On an unknown date, Petitioner pursued further review before

the Louisiana Second Circuit Court of Appeal.  On June 3, 2020, the appellate court noted that

Petitioner sought review "of the trial court's April 30, 2020 denial of his 'Motion of Copy of

Grand Jury Transcript of Aggravated Rape Pro-Pounderance [*sic*] Charge.'"  [doc. # 1-1, p. 15].

That said, the appellate court also characterized Petitioner's filing before the trial court as an

application for post-conviction relief. *Id.* The court then denied Petitioner's writ "on the showing made." It also denied Petitioner's Motion to Alter Sentence." *Id.*

On July 16, 2020, the appellate court noted that Petitioner sought review "of the June 8, 2020 'Order' of the trial court which denied his application for post-conviction relief." *Id.* at 17. In what Petitioner maintains is the "last ruling," the appellate court denied the writ "on the showing made." *Id.* at 16-17.

Petitioner states that he sought further review before a higher state court, but that proceeding is "in progress now" and "ongoing." [doc. # 1, pp. 2, 6, 7, 12].

Petitioner filed this proceeding on approximately November 2, 2020, claiming: "excessive sentence, double jeopardy violation of U.S. Constitution, and commencing a pro-pounderance charge back into an open pending trial that the Grand Jury had sealed and chose not to proceed with due to lack of evidence. [sic]." *Id.* at 10.

## Law and Analysis

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation.[1] It is not enough that all the facts necessary to support the federal

---

[1] A petitioner does not "fairly present" a claim to a state court if that court must read either a brief before a lower court or a lower court's opinion to locate the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

> claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  This means that a petitioner must present his claims to each appropriate state court.  *Baldwin*, 541 U.S. at 29.

The highest court in Louisiana is the Louisiana Supreme Court.  See LSA–Const. art. 5, § 5(a).  Thus, a Louisiana prisoner must fairly present the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises in his federal petition.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  *Id.*

Here, Petitioner has presented claims to the Supreme Court of Louisiana, but that proceeding remains pending.  Petitioner has not given the Supreme Court of Louisiana "one full opportunity to resolve any constitutional issues."  See *Hopes v. Davis*, 761 F. App'x 307, 310 (5th Cir. 2019) ("Because the state courts are currently acting on Hopes's state habeas petition, reasonable jurists could not debate the district court's conclusion that petitioner has failed to

exhaust his state court remedies.").  Thus, Petitioner did not exhaust his claims.[2]

Under 28 U.S.C. §2254(b)(1), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- . . . (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."[3]  Petitioner does not argue that there is an absence of available State corrective process; in fact, he concedes that he is utilizing that process now.  In addition, Petitioner does not argue that circumstances exist that render State corrective processes ineffective to protect his rights.

The Fifth Circuit once "held that 'inordinate and unjustified delay in the state corrective process' may justify excusing the court-fashioned exhaustion requirement in habeas cases." *Hopes v. Davis*, 761 F. App'x 307, 310 (5th Cir. 2019) (quoting *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976) (per curiam), and citing *Ex Parte Royall*, 117 U.S. 241 (1886)). However, the Fifth Circuit has "not applied [the] unjustified-delay excuse after Congress passed AEDPA in 1996."  *Id.*  Here, regardless, Petitioner does not argue that the state appellate court is inordinately and unjustifiably delaying corrective process.

Finally, in *Urquhart v. Brown*, 205 U.S. 179, 182 (1907), the Court mentioned: "The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency,

---

[2]  See *Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984) (A "district court is authorized to dismiss a petition which reveals *either* on its face, *or* considered with material of which the court may and does properly take judicial notice, that the exhaustion requirement has not been satisfied.").

[3]  "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim."  *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

that require to be promptly disposed of; such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.'"  These exceptional cases involve, for instance, "interferences by the state authorities with the operations of departments of the general government, and . . . the delicate relations of that government with a foreign nation."  *U.S. ex rel. Kennedy v. Tyler*, 269 U.S. 13, 19 (1925).  The instant proceeding is not such an exceptional case.

Petitioner is hereby advised that there is a one-year statute of limitation for filing habeas corpus petitions in federal court, 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that he files in this Court after his state court proceeding ends.  Petitioner is further advised that the filing of a federal habeas corpus petition, such as the one filed in this case, does not toll the statute of limitation.  *Duncan v. Walker,* 533 U.S. 167, 181-182 (2001).

<u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Calvin L. Redd's Petition be **DISMISSED WITHOUT PREJUDICE**.

<u>This Report and Recommendation serves as notice to Petitioner that the Court may sua sponte dismiss his claims for failure to exhaust.</u>  Petitioner may respond by objecting to this Report and Recommendation.  See *Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of January, 2021.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE